IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **ALLSTAR STUCCO LLC D/B/A ALLSTAR STUCCO AND DEVELOPMENT**<br><br>  **Plaintiff,**<br><br>v.<br><br>**RICHARD BRYAN PARK,**<br>**BAYS MASONRY INCORPORATED D/B/A**<br>**PK BAYS MASONRY CONTRACTORS,**<br>**AND**<br>**PK MASONRY CONTRACTORS, LLC,**<br><br>  **Defendants.** | Case No. 24-cv-80 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 81, Defendants Richard Bryan Park ("Park") and PK Masonry Contractors, LLC ("PK Masonry") (together with Park, the "Park Defendants") hereby remove the above-captioned action from the County Court at Law No. 3 of Galveston County, State of Texas, to the United States District Court for the Southern District of Texas. In support of this removal, the Park Defendants state as follows:

### RELEVANT BACKGROUND

1. On March 14, 2023, Plaintiff Allstar Stucco LLC d/b/a Allstar Stucco and Development ("Plaintiff") commenced an action in the County Court at Law No. 3 of Galveston County, Texas, entitled *Allstar Stucco LLC d/b/a Allstar Stucco and Development v. Richard Bryan Park, et al.*, Cause No. CV-0091351 (the "State Court Action"). Pursuant to Local Rule 81, a copy of the docket sheet, all executed process, pleadings, orders, list of all counsel of record in the State Court Action, and index of matters being filed are attached hereto as **Exhibits 1-8**.

2. Plaintiff's Original Petition (the "Petition") purports to assert claims for breach of contract against the Park Defendants and Defendant Bays Masonry Incorporated d/b/a PK Bays Masonry Contractors[1] ("Bays Masonry") (together with the Park Defendants, the "Defendants") and for violation of the Texas Debt Collections Act against the Park Defendants. *See* Ex. 2, at 1, 3-9.

3. On March 31, 2023, Plaintiff requested the issuance of Summonses addressed to the Defendants in the State Court Action. *See* Ex. 1, 3-5.

4. On May 17, 2023, Plaintiff served Bays Masonry with the Summons and Petition. *See* Ex. 3.

5. To date, Bays Masonry has failed to respond to Plaintiff's Petition. *See* Ex. 1.

6. On February 27, 2024, nearly a year after issuance of the Summonses, Plaintiff served the Park Defendants with the Summonses and copies of the Petition. *See* Exs. 4, 5.

7. This Notice of Removal is filed within thirty days of service of Plaintiff's lawsuit on the Park Defendants and is timely under 28 U.S.C. § 1446(b).

8. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the Park Defendants have satisfied the procedural requirements for removal and this Court can exercise subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1), despite Plaintiff's bad faith efforts to prevent removal.

---

[1] Plaintiff refers to Bays Masonry in its Petition as "Bays Masonry Incorporated d/b/a/ PK Masonry Contractors" and, confusingly, as "PK Masonry" *See* Ex. 2, at 3.

**AUTHORITY FOR REMOVAL**

**I.   This Court has Subject Matter Jurisdiction over the Action Pursuant to 28 U.S.C. § 1332.**

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As such, the action may be removed to this Court by the Park Defendants under 28 U.S.C. § 1441(a).

   **A.   Complete diversity of citizenship exists between Plaintiff and the Park Defendants.**

10. Plaintiff is a Texas limited liability company doing business in Galveston County, Texas. Ex. 2, at 1. The citizenship of an LLC is determined by the citizenship of its members.[2] Upon information and belief, all members of Plaintiff are citizens of Texas and, therefore, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

11. Park is a resident and citizen of the State of Oklahoma. Each of PK Masonry's members is a resident of the State of Oklahoma and, therefore, PK Masonry is a citizen of Oklahoma for diversity jurisdiction purposes. Therefore, complete diversity exists between Plaintiff and the Park Defendants.

   **B.   Plaintiff fraudulently joined Bays Masonry as a Defendant to avoid removal.**

12. The fraudulent joinder doctrine provides that a district court must disregard, for diversity purposes, the citizenship of an improperly joined defendant.[3] A non-diverse defendant is

---

[2] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen LLC*, 757 F.3d 481, 483 (5th Cir. 2014).
[3] *Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)).

improperly joined if there was actual fraud in the pleading of jurisdictional facts or the plaintiff cannot establish a cause of action against the non-diverse defendant.[4]

13. To determine whether the plaintiff can establish a cause of action against the non-diverse defendant, the district court conducts an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "The 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[6] As such, claims of fraudulent joinder should be resolved by a review of the pleadings, affidavits and other evidentiary material, and, if necessary, "the district court in its discretion may pierce the pierce the pleadings" to determine removal jurisdiction.[7]

14. Here, a cursory review of Plaintiff's Petition and the exhibits attached thereto reveals that Plaintiff cannot establish a cause of action against Bays Masonry and, therefore, Bays Masonry is not a proper defendant in this action. *See generally* Ex. 2. Bays Masonry was not a party to any of the subcontracts at issue, which expressly identify the parties thereto as Plaintiff and PK Masonry. *See* Ex. 2, at Ex. A, 1 ("[Plaintiff] has entered into a contract with Contractor: PK Masonry Contractors"), Ex. B, 1 (same), Ex. C, 1 (same), Ex. D, 1 (same), Ex. E, 1 (same), Ex. F, 1 (same), Ex. G, 1 (same), Ex. H, 1 (same).

15. Plaintiff's solution to this fatal flaw in its attempt to defeat diversity jurisdiction was to allege – without any supporting facts – that Bays Masonry was somehow doing business as "PK Masonry Contractors." *See generally* Ex. 2. To be clear, other than the sole allegation that

---

[4] *Id.* (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)).
[5] *Id.* (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).
[6] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[7] *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

Park "provided a certificate of insurance for Bays Masonry, Inc. d/b/a/ PK Masonry Contractors,"[8] Plaintiff offers no facts supporting Bays Masonry was doing business as "PK Masonry Contractors." Plaintiff's dubious allegation that Bays Masonry was doing business as PK Masonry Contractors is particularly questionable considering Plaintiff's clear awareness of the separate existence of PK Masonry Contractors, LLC, as evidenced by the fact that Plaintiff named that entity – the real party-in-interest – as a separate defendant in the State Court Action. *See* generally Ex. 2. No less suspicious is the fact that Plaintiff failed to serve the real PK Masonry until nearly a year after commencement of the State Court Action. *See* Exs. 1, Ex. 5. Based on the foregoing, the Park Defendants respectfully submit that Bays Masonry is an improperly or fraudulently joined defendant and, therefore, the Court should disregard its citizenship for diversity jurisdiction purposes.

### C. Plaintiff acted in bad faith to prevent the Park Defendants from removing the State Court Action.

16. Pursuant to 28 U.S.C. § 1446(c)(1), a state court action cannot be removed based on diversity jurisdiction more than one year after commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." In *Brueckner v. Hertz Corporation*, the District Court for the Southern District of Texas explained:

> A plaintiff's "bad faith" can manifest itself in either of the two requirements for diversity jurisdiction: **(i) a plaintiff can name or retain nondiverse parties** or forum-citizen defendants **to defeat complete diversity** or the forum-defendant

---

[8] Plaintiff's reference to Bays Masonry as "Bays Masonry, Inc. d/b/a/ PK Masonry Contractors" is inconsistent with Plaintiff's naming of Bays Masonry, Inc. d/b/a PK **Bays** Masonry Contractors as a Defendant in the State Court Action.

5

rule, respectively; or (ii) it can obfuscate the quantity of damages it seeks for the purpose of defeating the amount in controversy requirement.[9]

The Fifth Circuit has recognized that a plaintiff's improper or fraudulent joinder of a non-diverse defendant can satisfy the bad faith exception to the one-year bar to removal contained in 28 U.S.C. § 1446(c)(1).[10] In *Brueckner*, the court applied a two-step standard for ascertaining whether the plaintiff retained a non-diverse party in bad faith:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. **Failure to actively litigate against the removal spoiler will be deemed bad faith**; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence . . . that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court.[11]

17.  Here, the record contains ample evidence of Plaintiff's bad faith. First, as set forth *supra*, Plaintiff fraudulently joined Bays Masonry as a defendant to defeat diversity. Second, despite Bays Masonry's failure to timely respond to Plaintiff's Petition, Plaintiff has not sought an entry of default, nor has it taken any other action to prosecute its claims against Bays Masonry for nearly a year. *See* Exs. 1, 3. Third, after commencing the action on March 14, 2023, Plaintiff did not serve the Park Defendants until February 27, 2024, only fourteen days before expiration of the one-year period to remove under 28 U.S.C. § 1446(c)(1). *See* Exs. 1, 4-5. The Park Defendants

---

[9] No. 4:20-CV-00334, 2023 WL 7130865, *3 (S.D. Tex. Oct. 30, 2023) (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1261 (D.N.M. 2014)) (internal marks omitted) (emphasis added).

[10] *See, e.g.*, *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019) (finding district court did not err in finding plaintiff acted in bad faith by improperly joining non-diverse defendant).

[11] *Id.* (quoting *Aguayo*, 59 F. Supp. 3d at 1262-63) (internal marks omitted) (emphasis added).

respectfully submit that these facts establish Plaintiff acted in bad faith to avoid removal of the State Court Action to this Court and, therefore, removal is proper.

### D. The amount in controversy requirement is satisfied.

18. In its Petition, Plaintiff seeks judgment on its breach of contract claims in the amount of "$126,671.23 . . . along with court costs, and prejudgment and post judgment interest." Ex. 2, at 10. Plaintiff also claims it is entitled to "$100 for each violation of the Texas Debt Collection Act along with court costs, prejudgment and post judgment interest, and exemplary damages." *Id*. Accordingly, the amount in controversy in this action exceeds $75,000.

19. Based on the foregoing, the Park Defendants respectfully submit that the amount in controversy exceeds $75,000, removal is proper, and the Court has diversity jurisdiction here.

## II. All Procedural Requirements for Removal Have Been Met.

20. Pursuant to Local Rule 81, a copy of the docket sheet, all executed process, pleadings, orders, list of all counsel of record in the State Court Action, and index of matters being filed are attached hereto. No motions are currently pending in the State Court Action.

21. As required by 28 U.S.C. § 1446(a), the Park Defendants are removing this case to the United States District Court for the Southern District of Texas – Galveston Division, which is the district and division embracing the venue in which the State Court Action was filed.

22. All properly joined defendants consent to removal of this action to this Court. Consistent with 28 U.S.C. § 1446(b)(2)(A), fraudulently or improperly joined defendants need not consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

23. Pursuant to 28 U.S.C. § 1446(d), the Park Defendants certify that, contemporaneously with their filing of this Notice, they will serve written notice to Plaintiff's counsel of this filing.

24. The Park Defendants shall likewise file a true and correct copy of its Notice of Removal with the County Court at Law No. 3 of Galveston County Texas, as required by 28 U.S.C. § 1446(d).

25. The Park Defendants reserve the right to amend or supplement this Notice of Removal as allowed by law.

26. The Park Defendants further reserve all defenses, including, without limitation, those set forth in FED. R. CIV. P. 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiff's Petition pursuant to FED. R. CIV. P. 81(c)(2).

## CONCLUSION

Defendants Richard Bryan Park and PK Masonry Contractors, LLC therefore remove the State Court Action from the County Court at Law No. 3 of Galveston County, Texas, to the United States District Court for the Southern District of Texas – Galveston Division, to proceed as an action properly removed thereto.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/John T. Richer*
John T. Richer, Texas Bar No. 24068531
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
jricher@hallestill.com

**ATTORNEYS FOR DEFENDANTS RICHARD BRYAN PARK AND PK MASONRY CONTRACTORS, LLC**

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on the 22nd day of March, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Russell G. Burwell III

**ATTORNEY FOR PLAINTIFF**

                                             *s/John T. Richer*
                                             John T. Richer

20160116.1:013896.00001