United States District Court
Southern District of Texas
**ENTERED**
July 30, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| ALLSTAR STUCCO LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00080 |
| § | |
| RICHARD BRYAN PARK, *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Defendants Richard Bryan Park ("Park") and PK Masonry Contractors, LLC ("PK LLC") removed this case to federal court, alleging that diversity jurisdiction exists because Plaintiff Allstar Stucco LLC ("Allstar") improperly joined non-diverse Defendant Bays Masonry, Inc. d/b/a PK Masonry Contractors ("PK Masonry Contractors") in an effort to avoid removal. Allstar has moved to remand this case to state court. Because Allstar has sufficiently alleged a viable breach of contract claim against PK Masonry Contractors, Allstar's Motion to Remand (Dkt. 11) is **GRANTED**. This case is **REMANDED** to Galveston County Court at Law No. 3.

### BACKGROUND

Allstar "performs and manages [s]tucco [c]onstruction, restoration and repairs for residential and commercial projects." Dkt. 1-2 at 3. According to the Original Petition filed in state court, Allstar agreed to provide repair and restoration services at eight IBC bank locations in Oklahoma. Based on a recommendation from a supplier, Allstar reached out to Park for assistance on the projects. Allstar allegedly provided Park with the relevant scope of work for each project, and Park submitted written bids on behalf of Bays Construction, LLC. "When it came time to enter into the written contract for each of the IBC bank branches," Allstar alleges, "Park requested that Allstar substitute PK Masonry

Contractors" as the signatory to the contracts. *Id.* at 4. Allstar agreed and entered into eight subcontract agreements with PK Masonry Contractors. Under those agreements, PK Masonry Contractors agreed to perform stucco repair and restoration services at the eight IBC bank locations. As a condition precedent to the execution of the contracts, Park allegedly "provided [to Allstar] a certificate of insurance for Bays Masonry, Inc. d/b/a PK Masonry Contractors." *Id.*

The sole cause of action that Allstar brings against PK Masonry Contractors in the Original Petition is for breach of contract. Allstar contends that PK Masonry Contractors "failed to perform [its] obligations under the contracts causing Allstar to incur and continue to incur significant cost to complete, repair and/or redo the services for which . . . PK Masonry [Contractors] contracted to perform." *Id.* Allstar also brings various causes of action against Park and PK LLC.

Allstar is a citizen of Texas because its sole member is a Texas citizen.[1] *See* Dkt. 41. Turning to the Defendants, PK Masonry Contractors is, at a minimum, a citizen of Texas because it is incorporated in Texas.[2] *See* Dkt. 42. Park is a citizen of Oklahoma. *See* Dkt. 39. PK LLC is considered a citizen of Oklahoma because its sole member, Park, is an Oklahoma citizen. *See* Dkt. 40. Accordingly, diversity jurisdiction is lacking because Plaintiff Allstar and Defendant PK Masonry Contractors are both citizens of Texas.

On March 22, 2024, Park and PK LLC removed this action to federal court. Park and PK LLC contend that Allstar improperly joined PK Masonry Contractors to avoid removal to federal court. In response, Allstar argues this case must be remanded because: (1) Allstar has sufficiently alleged a breach of contract claim

---

[1] The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[2] A corporation is considered a citizen of both its state of incorporation and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). PK Masonry Contractors has not identified its principal place of business. *See* Dkt. 42.

against PK Masonry Contractors; and (2) Park and PK LLC failed to timely remove this action.[3]

## LEGAL STANDARD

A defendant may remove any civil action from state court to federal district court if federal district courts would have original jurisdiction. *See* 28 U.S.C. § 1441(a). There are two general types of cases over which federal district courts have original jurisdiction: those that present a federal question, and those in which there is diversity of citizenship. *See* 28 U.S.C. §§ 1331–1332. Under diversity jurisdiction, district courts have original jurisdiction of all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. *See id.* § 1332(a). Removal is proper in such a case, however, only if there is "complete diversity." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079 (quotation omitted).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). This doctrine allows federal courts to defend against efforts to manipulate jurisdiction, such as by joining non-diverse parties solely in an attempt to deprive federal courts of diversity jurisdiction. "If a party has been improperly joined, . . . the lack of complete diversity will not prevent a defendant from removing a case to federal court." *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018). When a "plaintiff improperly joins a non-diverse defendant, . . . the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136.

---

[3] Because I conclude that Allstar has sufficiently stated a claim against PK Masonry Contractors, I need not decide whether Park and PK LLC timely removed this action.

3

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In this case, there is no allegation of actual fraud in the pleading of jurisdictional facts. Because it is undisputed that Allstar and PK Masonry Contractors are citizens of the same state, the sole concern is whether Allstar can establish a valid state-law cause of action against the non-diverse defendant (PK Masonry Contractors). *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Under the second prong of the improper joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To make this determination, I may take one of two paths.

On the first path, I "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The second path is suitable for cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*. In those cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," considering evidence such as affidavits and deposition testimony. *Id*. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573–74. In determining whether a defendant has been improperly joined, a district court may exercise its discretion to employ either a Rule 12(b)(6)-type inquiry or a summary inquiry, "but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 207 (5th Cir. 2016).

4

Park and PK LLC bear a "heavy burden" of proving improper joinder. *Smallwood*, 385 F.3d at 576. Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, in deciding whether a party has been improperly joined, I must "resolve all contested factual issues and ambiguities of state law in favor of [Allstar]." *Id.* at 281.

## ANALYSIS

The applicability of the improper joinder doctrine in this case turns on the second prong of the *Smallwood* test: whether Allstar can establish a valid state-law cause of action against PK Masonry Contractors. If yes, the case must be remanded. If no, PK Masonry Contractors must be dismissed from the lawsuit and the case remains in federal court.

Before I conduct the improper joinder analysis, however, I must decide whether to consider the allegations and causes of action set forth in Plaintiff's Original Petition filed in state court or the First Amended Complaint filed in federal court. "To determine whether jurisdiction is present for removal," the Fifth Circuit has instructed district courts to "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). While I may consider post-removal filings if they "clarify or amplify the claims actually alleged in the [state court petition]," I may not consider post-removal filings that "present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs*, 181 F.3d at 700. The First Amended Complaint does not add any facts to clarify already alleged causes of action. Instead, the First Amended Complaint merely adds a new cause of action (negligence) against all defendants. Because this is an unacceptable use of post-removal filings, I consider only the Original Petition filed in state court in deciding the Motion to Remand.

With that preliminary issue out of the way, I will conduct a Rule 12(b)(6)-type analysis of Allstar's breach of contract claim, the only cause of action brought against PK Masonry Contractors in the Original Petition.[4] This inquiry requires me to determine whether Allstar has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if Allstar pleads facts that allow me to "draw the reasonable inference that [PK Masonry Contractors] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To adequately plead a breach of contract claim in Texas, Allstar must allege that "(1) a valid contract exists; (2) [Allstar] performed or tendered performance as contractually required; (3) [PK Masonry Contractors] breached the contract by failing to perform or tender performance as contractually required; and (4) [Allstar] sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Allstar has sufficiently alleged a breach of contract claim against PK Masonry Contractors. In the Original Petition, Allstar alleged it entered into eight separate subcontractor agreements with PK Masonry Contractors—one for each IBC bank branch at which PK Masonry Contractors "would perform restoration and repair services." Dkt. 1-2 at 4–8. Allstar alleged it paid PK Masonry Contractors the amounts specified in each contract. PK Masonry Contractors, however, did not perform its end of the contracts, at least according to the Original Petition. For each contract, Allstar identifies the specific ways in which PK Masonry Contractors reportedly breached the agreements. These include, but are not limited to, "changing material without written approval," "improperly applying

---

[4] The parties appear to agree that a summary inquiry is not appropriate here. Whether the PK Masonry Contractors identified in the contracts is PK Masonry Contractors, LLC or Bays Construction, Inc. d/b/a PK Masonry Contractors is not a discrete and undisputed fact. Accordingly, I need not look further than the allegations in the Original Petition filed prior to removal to determine if Allstar has sufficiently stated a claim against PK Masonry Contractors.

texture," "damaging property and landscaping," "improperly installing EIFS bands," and "failing to clean job site." *Id.* at 4–8. Finally, Allstar alleges a total of $126,671.23 in damages sustained as a result of the breaches. At this stage of the case, Allstar's allegations easily pass muster under Rule 12(b)(6).

Seeking to stay in federal court, Park and PK LLC claim that PK Masonry Contractors is not a proper party because it did not enter into the contracts at issue. In making this argument, Park and PK LLC contend that the contractual agreements at issue are between Allstar and PK LLC, not between Allstar and PK Masonry Contractors. The problem with this argument is that I am required at the Rule 12(b)(6) stage to accept all well-pleaded facts in the Original Petition as true and view them in the light most favorable to Allstar. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Allstar alleges—and the contracts attached to the Original Petition indicate—that the parties to the contracts at issue are Allstar and "PK Masonry Contractors." Allstar further alleges that "PK Masonry Contractors" is not PK LLC, but rather Bays Masonry, Inc. d/b/a PK Masonry Contractors. Because the Fifth Circuit has instructed district courts to look "at the allegations of the complaint to determine whether the complaint states a claim . . . against the in-state defendant," that is where my inquiry starts and ends. *Smallwood*, 385 F.3d at 573. Considering the allegations set forth in the Original Petition, Allstar has sufficiently stated a breach of contract claim against PK Masonry Contractors. Park and PK LLC have not met their heavy burden to show improper joinder. This case belongs in state court.

## CONCLUSION

For the reasons discussed above, Allstar's Motion to Remand (Dkt. 11) is **GRANTED**. This case is **REMANDED** to Galveston County Court at Law No. 3.

SIGNED this 30th day of July 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE